## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KAYLEB DAONTA WILLIAMS**                          **CIVIL ACTION**

**VERSUS**                                                          **NO. 22-28-BAJ-RLB**

**WAFB AND GRAY TELEVSION**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 10, 2022.

                                                    **RICHARD L. BOURGEOIS, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KAYLEB DAONTA WILLIAMS                CIVIL ACTION

VERSUS                                NO. 22-28-BAJ-RLB

WAFB AND GRAY TELEVSION

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint filed by Kayleb Williams ("Plaintiff"). Following a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and for the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's suit be **dismissed with prejudice**.

I. **Background**

Kayleb Daonta Williams ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action on January 11, 2022, by filing a Complaint alleging that WAFB and Gray Television (collectively, "Defendants") are liable for defamation of character, slander, libel, and mental and emotional distress. (R. Doc. 1). Plaintiff alleges that he is a citizen of Louisiana, and Defendants' business is in Baton Rouge, Louisiana. (R. Doc. 1 at 1).

On February 15, 2022, the undersigned entered an Order setting a hearing pursuant *Spears v. McCotter* to determine whether Plaintiff's claims should be dismissed as frivolous. (R. Doc. 4). The Order advised Plaintiff "that failure to appear may result in the dismissal of the action." (R. Doc. 4 at 2).

The *Spears* hearing was held on March 9, 2022. Plaintiff did not appear at the hearing, nor did any legal representative licensed to practice law. (*See* R. Doc. 6). Instead, Plaintiff's (non-attorney) mother, Chrishendral Davenport, appeared on his behalf. (R. Doc. 6). The Court

informed Ms. Davenport that individuals not licensed to practice law may not represent a party to an action. *See Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978) (finding that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law.").

## II.    Law and Analysis

District courts must construe the IFP complaints of *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the Court determines the case:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact, *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994), while the determination of whether a complaint fails to state a claim is made by applying the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison,* 343 F.3d 762, 763-64 (5th Cir. 2003) (dismissal of IFP complaint for failure to state a claim employs Rule 12(b)(6) standard).

Section 1915(e)(2)(B) "accords judges…the authority to dismiss a claim based on indisputably meritless legal theory," *Neitzke v. Williams,* 490 U.S. 319, 327 (1989), "such as if the complaint alleges the violation of a legal interest which clearly does not exist," *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir 1997). A legally deficient IFP complaint that fails to state a claim upon which relief can be granted may be dismissed on the court's own initiative at any time. *See* 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff's cause of action may be dismissed under section 1915(e)(2)(B) as either legally frivolous or failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The complaint in this matter alleges that the Defendants committed "defamation of character, slander, libel, mental and emotional distress." (R. Doc. 1). Mental and emotional distress are damages, and will not be considered as a cause of action. In Louisiana, to prevail on a claim for defamation (which is referred to in the common law as libel and slander), Plaintiff must prove, among other things, that the statement of the Defendants had some element of falsity. *Costello v. Hardy,* 864 So. 2d 129 (La. 2004).

The complaint alleges that "On or about January 21st 2021 WAFB advertised me on air for 1st degree attempted murder." (R. Doc. 1). That is the only reference to a possible statement attributable to the Defendants. Plaintiff failed to appear at the *Spears* hearing to clarify exactly what WAFB specifically stated about him and how those statements were false. His failure to sufficiently plead a cause of action and failure to appear in Court as ordered is a basis for dismissing this lawsuit.

Nevertheless, Ms. Davenport responded to the Court's inquiries and provided documents to support Plaintiff's claim against Defendants. (R. Doc. 6 at 1). Particularly, Ms. Davenport presented (1) a news article published by Defendants on January 21, 2022, (2) a warrant for the arrest of Plaintiff, and (3) an affidavit for the arrest warrant. (R. Doc. 6 at 2-6).

The news article reads, in pertinent part: "Baton Rouge Police are asking for help locating a 19-year-old man wanted for attempted murder. Kayleb Williams is wanted for attempted first degree murder and illegal use of a weapon. He is 6'1" and 230 pounds with black hair and brown eyes." (R. Doc. 6 at 2).

The sworn affidavit of Detective Travis Norman provides that there is probable cause to believe that Plaintiff "knowingly and willingly" violated "Louisiana Revised Statues 14:27/30 Attempt 1st Degree Murder and 14:94 Illegal Use of a Weapon" on November 22, 2020. (R. Doc. 6 at 5). The arrest warrant, which was signed on December 8, 2020, thereby commands "any commissioned peace officer" in the State of Louisiana to apprehend, arrest, and book Plaintiff for six counts of first degree attempted murder and one count of illegal use of weapons or dangerous instrumentalities. (R. Doc. 6 at 4).

Construed most favorably to Plaintiff, he alleges that the Defendants committed defamation of character, slander, and libel by releasing the January 21, 2021 news article. In addition to failing to identify any statement that was false, the arrest warrant and affidavit for arrest corroborate that Plaintiff was indeed wanted for attempted first degree murder by the Baton Rouge Police Department. The subject news article merely reiterates that fact. (R. Doc. 6 at 2). The article does not claim that Plaintiff committed any of the crimes at issue, merely that he was "wanted" for such crimes. This was true. Plaintiff, therefore, fails to show that an essential element of defamation can be met—chiefly, the publication of a false statement.

Accordingly, Plaintiff's claim lacks an arguable basis, and Plaintiff's Complaint, taken as true, fails to state a claim upon which relief can be granted.

Even if there exists a state law cause of action for defamation, Plaintiff has not sufficiently alleged diversity of citizenship or that the amount in controversy is satisfied. As noted above, the Complaint provides that Plaintiff is resident of Baton Rouge, Louisiana, and Defendants' business is in Baton Rouge, La. (R. Doc. 1 at 1). Moreover, the Complaint fails to provide any specific amounts sought and instead lists generic categories of damages. (R. Doc. 1

at 2). Accordingly, even if there is a cause of action by Plaintiff, jurisdiction would not lie in federal court.

For the reasons set forth above, the Court **RECOMMENDEDS** that Plaintiff's Complaint (R. Doc 1) be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), because it is both legally frivolous and fails to state a claim.

Signed in Baton Rouge, Louisiana, on March 10, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**